Nancy Curry
Chapter 13 Standing Trustee
606 South Olive Street, Suite 950
Los Angeles, CA  90014
Trustee13LA@aol.com
(213) 689-3014  FAX (213) 689-3055

**FILED & ENTERED**

**SEP 23 2009**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY vandenst DEPUTY CLERK

UNITED SATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In the Matter of **Espinoza, Josefina Del Carmen**)    Chapter 13

CASE NO. **09-25049 VZ**

ss# 000-00-**9867**
ss# 000-00-**0000**

ORDER CONFIRMING PLAN

DATE: September  14, 2009
TIME:  10:30 A.M.
PLACE:  255 E. TEMPLE ST.
         COURTROOM 1368
         LOS ANGELES, CA  90012

The debtor's Chapter 13 Plan or modified Plan, if any, (the "Plan") was filed on **07/08/09**.

The Plan was transmitted to the creditors under Bankruptcy Rule 3015.  The first meeting of creditors was held on **07/16/09**.  The Court finds that the plan meets the requirements of 11 U.S.C. §1325.

IT IS ORDERED:

The Plan is hereby confirmed, with the following provisions:

1. The amount of each monthly plan payment is **$305.00**.  The due date is day **15th** of each month for **60** months.  The Plan provides for the payment of **0%** of allowed claims of general unsecured creditors.

   No payroll deduction order is ordered until debtor is in default more than 20 days, unless provided otherwise by the Plan.  Per Local Bankruptcy Rule 3015-1(K) (3), a declaration of default is required from the Chapter 13 Trustee for a payroll deduction order to be entered.

2. Confirmation of the Plan is without prejudice to the rights of secured creditors for post-petition defaults by the debtor.

3. OTHER PROVISIONS:
   (a) (i) **X** Rights and Responsibilities Agreement has been executed and **$4,000.00** in fees are awarded.
                    -OR-
   (ii)___ Rights and Responsibilities Agreement has not been executed; therefore, a detailed, itemized fee application is required.  No funds will be paid (or set aside for such purpose) until the Trustee receives an entered order approving such fees.  Disbursements to other creditors will commence immediately.

    (b)  The Trustee is authorized to make payments to holders of claims secured by real and personal property based on the Plan.

    (c)  Miscellaneous:  Debtor is to remain post-petition current with all accruing tax obligations and is required to cure any Plan infeasibility.  Plan infeasibility occurs when the projected monthly Plan payments are insufficient to retire all Plan debt.  Failure to remain post-petition current with accruing tax obligations or to cure Plan infeasibility will constitute a material default under the Plan and shall be grounds for dismissal.

**\*PLAN PAYMENT FOR MONTH 1 SHALL BE $305.00**
**\*PLAN PAYMENTS FOR MONTHS 2THROUGH 60 SHALL BE $361.00**

DATED: September 23, 2009

_____
United States Bankruptcy Judge